# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOMENICO VITALE ROSAMILIA,**

        **Petitioner,**

v.                                  Case No: 6:26-cv-209-PGB-LHP

**JOHN MINA, LOUIS A. QUINONES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT and GARRETT RIPA,**

        **Respondents.**

_____/

## ORDER

This cause is before the Court for consideration of the Respondent's Response to Petition for Writ of Habeas Corpus. (Doc. 13). Upon consideration, the Petitioner is entitled to **IMMEDIATE RELEASE** from custody.

### I.  BACKGROUND

Petitioner filed a petition for writ of habeas corpus (Doc. 1 (the "**Petition**")) under 28 U.S.C. § 2241 challenging the legality of his detention by the United States Immigration and Customs Enforcement ("**ICE**"). (*Id.*). In Count V of the Petition, the Petitioner also seeks injunctive relief, including a Temporary Restraining Order ("**TRO**") requesting the Court to enjoin Respondents from transferring him

from the Orange County Jail pending the resolution of the Petition. (*Id.* at pp. 11–12).

The Petitioner is a citizen of Venezuela who has been in immigration detention since January 9, 2026, and is currently detained at the Orange County Jail. (*Id.* ¶ 17). The Petitioner lawfully entered the United States on May 4, 2014, with a valid B-2 visitor visa. (*Id.* ¶ 29). On November 16, 2014, he timely filed an affirmative asylum application with USCIS. (*Id.*). The Petitioner attended an asylum interview on May 22, 2025, and his case status reflects that his application is "pending." (*Id.* ¶ 30). On November 22, 2025, he was detained at the airport for failing to present evidence of his lawful status and was transferred to ICE detention. (*Id.* ¶ 31). On December 15, 2025, an Immigration Judge granted the Petitioner release on a $10,000 bond. (*Id.* ¶ 32). The Petitioner posted bond and was released. (*Id.*). The Petitioner received a USCIS FOIA-responsive record indicating that USCIS had granted the Petitioner asylum. (*Id.* ¶ 33). Based on the foregoing, the Petitioner sought removal of his ankle monitor, at which time he was detained for possessing an allegedly "fraudulent document." (*Id.* ¶ 34). He remains in custody on an ICE immigration detainer. (*Id.* ¶ 38).

Since his detention, Petitioner has been subjected to a pattern of continuous 72-hour transfers and reprocessing, during which he is moved out of the jail and then returned, restarting the 72-hour detention clock. This practice has resulted in Petitioner being held for weeks without charges, without a custody

redetermination, and without any lawful basis for continued detention. (*Id.* ¶ 39). No criminal charges have been filed against Petitioner. (*Id.* ¶ 36).

On January 27, 2026, the Court granted the Petitioner's request for a TRO to prevent his transfer from the Orange County Jail pending the resolution of his Petition. (Doc. 6). The TRO was deemed necessary to prevent the Government from purposefully transferring the Petitioner to divest the Court of jurisdiction. On January 30, 2026, the Respondents filed a motion for clarification on whether the Order authorizes the release of the Petitioner from custody. (Doc. 11). The Court clarified that the Respondents are temporarily enjoined from transferring Petitioner from the Orange County Jail to another location until further order of the Court. (Doc. 12). On Sunday, February 1, 2026, the Respondents responded to the Petition for Writ of Habeas Corpus and for the first time informed the Court that ICE was "prepared to grant immediate release last week." (Doc. 13). The Respondents *incorrectly* state that "[a]s noted in its recent Consented Emergency Motion for Clarification (Doc. 11), ICE informed the undersigned that it is prepared to release Petitioner." (Doc. 13, p. 1). The Respondents' Consented Emergency Motion for Clarification says nothing about ICE having informed Assistant United States Attorney Joy Warner that it is prepared to release the Petitioner.[1]

---

[1] The Consented Emergency Motion for Clarification reads:

> Petitioner Domenico Vitale Rosamila filed a Petition for Writ of Habeas Corpus (Doc. 1) on January 26, 2026. On January 27, 2026, the Court granted Petitioner's temporary restraining order and ordered that "Respondents and those in privity with them are hereby TEMPORARILY ENJOINED from transferring Domenico Vitale Rosamilia from the Orange County Jail until further order of the Court." Doc. 6, p. 7. Respondents respectfully request

3

If the Government had informed the Court that ICE was prepared to release the Petitioner, who has been illegally detained since at least January 9, 2026, the Court would have granted the Petition. For the Government to now claim that the Petitioner remained unlawfully detained because of the Court's TRO is either the byproduct of incredibly sloppy lawyering by Ms. Warner or a fraud upon the Court. This is not the first time Ms. Warner has been called to account for a lack of candor to the tribunal. In *Rivero v. Sheriff John Mina, et al.*, 6:26-cv-66-RBD-NWH, Judge Dalton ordered Ms. Warner to show cause why she should not be sanctioned for misstating the law. Now, Ms. Warner has misstated the record to this Court.

## II. CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. The Respondents' construed Motion for the Immediate Release of Petitioner Domenico Vitale Rosamilla (Doc. 13) is **GRANTED**;

2. Domenico Vitale Rosamilla shall be released from custody of the Orange County Jail, **EFFECTIVE IMMEDIATELY**;

3. Assistant United States Attorney Joy Warner is **OFFICIALLY REPRIMANDED** for her lack of candor to the tribunal;

---

clarification that the Court's Order authorizes release of the Petitioner from custody and the Orange County Jail. The undersigned is authorized to state that Petitioner consents to this motion. Respondents request a ruling by February 1, 2026.

4

4. Ms. Warner is **ORDERED** to immediately provide a copy of this Order and the Order to Show Cause entered by Judge Dalton to the State Bar Association where she is licensed to practice law; and

5. The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

    (1) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

    (2) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

    (3) Orange County Jail / Warden's Office at michele.carpentiere@ocfl.net; so-as-legalservices@ocsofl.com; and OCCDRecords@ocfl.net;

    (4) United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

    (5) Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

    (6) Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on February 2, 2026.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

6